**David BOUILLON,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Respondent/Appellant.**

**No. ED 93129.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 16, 2010.

(2009), unless otherwise indicated.

Travis L. Noble, Jr., Clayton, MO, for Petitioner/Respondent.

Jonathan Howard Hale, Jefferson City, MO, for Respondent/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

The Director of Revenue (Director) appeals from the trial court's judgment reinstating David Bouillon's (Bouillon) driving privileges after Director revoked them pursuant to Section 302.505.[1] We reverse and remand.

*Factual and Procedural Background*

Director revoked Bouillon's driving privileges pursuant to Section 302.505 for driving while intoxicated. Bouillon filed a peti-

tion for a trial *de novo* with the trial court seeking reinstatement of his driving privileges. At trial, Director submitted the matter on the record, which included the Alcohol Influence Report and the Investigative Report filed by Officer Robert Evans (Officer Evans or Evans), the arresting officer. Neither party presented any live testimony.

The record indicates that on September 2, 2008, Donna Schrader (Schrader) observed Bouillon drive his vehicle into a gas station lot. While pumping and paying for gasoline, Bouillon appeared to be intoxicated. Bouillon then returned to his vehicle and drove it to the side of the gas station. Schrader called the police at 8:35 p.m. to report the situation. Officer Evans was dispatched to the scene.

When Officer Evans arrived at the gas station at 8:40 p.m., Bouillon was standing next to a car in the parking lot. Evans approached Bouillon and asked Bouillon what he was doing on the parking lot. Bouillon replied, "I'm not driving." Bouillon's eyes were bloodshot and Evans could smell a strong odor of alcohol emitting from Bouillon's person. Evans also observed that Bouillon was swaying and his speech was mumbled. Evans again asked Bouillon what he was doing, and Bouillon answered, "I just drove here from my friends." When Evans asked Bouillon if he had been drinking, Bouillon replied, "Some Jack." Bouillon consented to submitting to field sobriety tests.

Evans administered the Horizontal Gaze Nystagmus test (HGN), the Walk–and–Turn test, and the One–Leg–Stand test. During the HGN test, Evans observed that both of Bouillon's eyes had no smooth pursuit, distinct nystagmus at maximum deviation, and onset of nystagmus before 45 degrees. On the Walk–and–Turn test,

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

Bouillon failed to maintain a heel-to-toe stance during the instructions, did not touch heel to toe twice, and lost his balance twice while walking. On the One–Leg–Stand test, Evans marked two of the five boxes, indicating that Bouillon used his arms to balance himself throughout the test and put his foot down once during the test. Evans, however, did not indicate that Bouillon could not perform either the Walk–and–Turn or the One–Leg–Stand test. Evans then administered a Preliminary Breath Test, which was positive for alcohol.

Evans arrested Bouillon for driving while intoxicated. Upon searching Bouillon's vehicle, Evans found a partially full bottle of Jack Daniels whiskey. At the police station, Bouillon agreed to give a sample of his breath for a Blood Alcohol Concentration (BAC) test. Bouillon's breath tested positive for alcohol with a BAC of .159 percent.

The Commissioner entered its Findings and Recommendations finding that the Director failed to prove that Evans had probable cause to arrest Bouillon for driving while intoxicated. The Commissioner found that the result of the BAC test was inadmissible due to lack of probable cause for arrest. The Commissioner also found that there was no admissible evidence that Bouillon operated the vehicle while intoxicated. The Commissioner ordered Director to remove the administrative revocation from Bouillon's driving record and that Bouillon's driving privileges be reinstated.

The trial court adopted the Commissioner's findings and recommendations and confirmed the Commissioner's judgment as the judgment of the court. This appeal follows.

## Point on Appeal

On appeal, Director argues the trial court erred in reinstating Bouillon's driving privileges because the court's judgment is unsupported by the evidence, and erroneously declares and misapplies the law, in that the uncontroverted evidence established that the BAC result was admissible because Officer Evans had probable cause to arrest Bouillon for driving while intoxicated and further established that Bouillon was, in fact, driving with a BAC greater than .08 percent.

## Standard of Review

■ On appeal from a trial court's judgment in a driver's license revocation case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Guhr v. Director of Revenue*, 228 S.W.3d 581, 584 (Mo.2007). In reviewing the judgment, we consider the evidence, and the reasonable inferences drawn therefrom, in the light most favorable to the judgment, disregarding all evidence and inferences to the contrary. *Saladino v. Director of Revenue*, 88 S.W.3d 64, 68 (Mo.App. W.D.2002).

■ If the facts of the case are contested, we defer to the circuit court's factual determinations. *Guhr*, 228 S.W.3d at 586. However, if the facts are not contested and there are no findings of fact to defer to, then the issue is the legal effect of the evidence. *Id.*

## Discussion

At trial, Director had to establish a prima facie case for revocation of Bouillon's driver's license for driving while intoxicated by introducing evidence showing, by a preponderance of the evidence, (1) that Bouillon was arrested upon probable cause for driving in violation of an alcohol related offense and (2) that Bouillon had a BAC of

at least .08 percent. Section 302.505.1; *Pruessner v. Director of Revenue,* 273 S.W.3d 555, 558 (Mo.App. E.D.2008). Once Director makes a prima facie case, the burden shifts to the driver to rebut the Director's case by a preponderance of the evidence. *Smyth v. Director of Revenue,* 57 S.W.3d 927, 930 (Mo.App. S.D.2001).

### Probable Cause to Arrest for Driving While Intoxicated

 Probable cause to arrest exists when the facts and circumstances would lead a prudent, cautious, and trained police officer to believe an offense has been committed. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 621 (Mo.2002). The probable cause analysis requires consideration of all the information known to the officer prior to the arrest. *Id.* This includes information reported to the officer by citizen witnesses. *Rain v. Director of Revenue,* 46 S.W.3d 584, 588 (Mo.App. E.D.2001). Although a hearsay statement made by an eyewitness to the arresting officer may not be offered for its truth, it is admissible to establish the officer's basis for believing he had probable cause to arrest the driver. *Id.*

### A. Intoxication

 Here, the uncontroverted evidence was sufficient to establish that Officer Evans had probable cause to believe that Bouillon was intoxicated. Officer Evans was dispatched to the gas station following a report that a man was driving while intoxicated. When Evans approached Bouillon, Evans noticed that Bouillon had bloodshot eyes, was swaying, mumbling his speech, and was emitting a strong odor of alcohol. Bouillon admitted he been drinking Jack Daniels. Furthermore, Bouillon performed poorly on the field sobriety tests and tested positive for alcohol on the Portable Breath Test. Officer Evans' observations, Bouillon's admission, and the lay witness's statements were sufficient to establish probable cause that Bouillon was intoxicated.

### B. Driving

 In setting aside the revocation of Bouillon's driver's license, the trial court found that there was no admissible evidence that Bouillon operated the vehicle while intoxicated.

 An arresting officer does not need to actually observe the person driving a vehicle in order to arrest that person for driving while intoxicated. *McFall v. Director of Revenue,* 162 S.W.3d 526, 531 (Mo.App. S.D.2005). An officer may rely on information received via police dispatch or reported by citizen witnesses. *Id.* The person's admissions alone are sufficient to establish probable cause that the person was driving. *Id.*

Prior to arresting Bouillon, Officer Evans was dispatched to the scene in response to a report that a man was driving while intoxicated. Once at the scene, Evans learned that Schrader had seen Bouillon driving and believed he was intoxicated. In addition, Evans indicated in his report that when he asked Bouillon what he was doing on the parking lot, Bouillon replied "I just drove here from my friends." Bouillon's use of the word "just" indicates that he very recently drove the car to the gas station. The inference that Bouillon had driven the car shortly before being approached by Officer Evans is further supported by the Investigative Report which was admitted into evidence. The Investigative Report indicates that Evans arrived on the scene five minutes after Schrader called the police to report the incident.

Director's evidence was not controverted by Bouillon and was sufficient to support a finding that Evans had probable cause to

believe that Bouillon had recently driven the vehicle. "[T]he trial court may not simply disregard, particularly in the absence of a credibility finding, the uncontroverted evidence." *Martin v. Director of Revenue*, 248 S.W.3d 685, 689 (Mo.App. W.D.2008). As such, the trial court's finding that there was no admissible evidence that Bouillon operated the vehicle while intoxicated is unsupported by the record.

Based on the foregoing, we find that the trial court's judgment that Officer Evans did not have probable cause to arrest Bouillon for driving while intoxicated is unsupported by the record and erroneously misapplies the law.

### Blood Alcohol Concentration

To establish a prima facie case for suspension of Bouillon's driver's license for driving while intoxicated, Director also had to present evidence showing that Bouillon had a BAC of at least .08%. *Pruessner*, 273 S.W.3d at 558. In setting aside the revocation of Bouillon's driver's license, the trial court ruled that the result of the BAC was not admissible due to Officer Evans' lack of probable cause to arrest Bouillon.

As previously held in this opinion, Officer Evans did have probable cause to arrest Bouillon for driving while intoxicated; and, as such, the test result was admissible evidence of Bouillon's BAC. In addition, Bouillon did not contest the admission of, or challenge the foundation of, the test result. Since Bouillon did not object to the admission of the test result, the trial court erred in refusing to consider the BAC result as evidence. See *Martise v. Director of Revenue*, 160 S.W.3d 407, 410 (Mo.App. E.D.2005).

Here, the test result submitted by the Director indicated that Bouillon had a BAC of .159 percent, well above the .08 percent required by Section 302.505. Because Director presented sufficient evidence to make a prima facie case that Bouillon had a BAC of at least .08 percent, the trial court's judgment reinstating Bouillon's driving privileges was not supported by the record and erroneously misapplied the law.

### Conclusion

The judgment is reversed and the cause remanded to the trial court with directions to reinstate the Director's revocation of Bouillon's driving privileges.

ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ., concur.