**Geoffrey Scott HANNA, Petitioner–Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent–Respondent.**

No. SD 30909.

Missouri Court of Appeals, Southern District, Division One.

Aug. 3, 2011.

---

Carl Matthew Ward, Washington, MO, for Appellant.

Chris Koster, Atty. Gen., Trevor Steven Bossert, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Geoffrey Scott Hanna ("Appellant") appeals from the trial court's judgment upholding the Director of Revenue's ("the Director's") suspension of Appellant's driver's license pursuant to sections 302.505 and 302.530.[1] Appellant's sole point on appeal is that the trial court erred in admitting Appellant's breath alcohol test result and a maintenance report for the breath analyzer used to conduct the test because Executive Order 07–05 terminated the Missouri Department of Health and Senior Services' ("DHSS") authority for the Breath Alcohol Program on August 28, 2007, and that authority was not returned to the DHSS until August 28, 2010, by Executive Order 10–15. We affirm the trial court's judgment because all three districts of this Court recently have reject-

---

1. All references to statutes are to RSMo Cum. Supp.2009 unless otherwise specified.

ed identical arguments in similar proceedings.

## Facts and Procedural History

On November 27, 2009, Appellant was arrested in Jasper County for driving while intoxicated by Trooper J.L. Mason. Following his arrest, Trooper Mason used a Datamaster breath analyzer to conduct a breath alcohol test on Appellant. The analyzer recorded Appellant's blood alcohol content as .133. The analyzer most recently had been subjected to a calibration check on November 12, 2009, by Lt. Nathan McDonald. Lt. McDonald's permit to calibrate Datamaster breath analyzers was issued by the DHSS on March 10, 2008, and Trooper Mason's permit to operate Datamaster breath analyzers was issued by the DHSS on June 18, 2008.

The Director suspended Appellant's driver's license on the basis of these facts, and that suspension was sustained following an administrative hearing.

Appellant then requested a trial *de novo* pursuant to section 302.535. At trial, the trial court admitted, over Appellant's written objection on the ground asserted in this appeal, Lt. McDonald's maintenance report for the November 12, 2009 calibration check, and Appellant's breath alcohol test result on November 27, 2009. Based on this evidence and other evidence admitted at trial, the trial court ordered that suspension of Appellant's driver's license was authorized and required.

## Standard of Review

■ A trial court's judgment in a court-tried civil case will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Director of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010).

■ The admissibility of evidence lies within the sound discretion of the trial court, and the trial court's exercise of discretion will not be disturbed absent an abuse of discretion and demonstration of prejudice. *Mitchell v. Kardesch*, 313 S.W.3d 667, 674–75 (Mo. banc 2010). A trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. *Id.* at 675.

■ Claimed error in applying the law is reviewed *de novo*. *East Hills Condominiums Ltd. Partnership v. Tri–Lakes Escrow, Inc.*, 280 S.W.3d 728, 733 (Mo. App. S.D.2009).

## Analysis

■ Appellant's sole point on appeal is that the trial court erred in admitting Appellant's breath alcohol test result and a maintenance report for the breath analyzer used to conduct the test because Executive Order 07–05 terminated the DHSS' authority for the Breath Alcohol Program on August 28, 2007, and that authority was not returned to the DHSS until August 28, 2010, by Executive Order 10–15. Appellant argues that, because the DHSS did not have authority to act under sections 577.019 through 577.041 between August 28, 2007, and August 28, 2010, the State failed to comply with these sections in his case with the result his implied consent to a chemical test of his breath was invalid and his breath test result and the maintenance report were inadmissible. Appellant contends that, in the absence of this evidence, the trial court's finding that Appellant was driving a motor vehicle while the alcohol concentration in his blood was .08 of 1 percent or more by weight was not supported by substantial evidence and was against the weight of the evidence.

All three districts of this Court recently have rejected identical arguments in similar proceedings. *See Schneider v. Director of Revenue,* 339 S.W.3d 533 (Mo. App. E.D.2011) (appeal from a trial court's judgment upholding the Director's suspension of an individual's driving privileges); *State v. Ross,* 344 S.W.3d 790 (Mo.App. W.D.2011) (appeal from a conviction for driving while intoxicated following a bench trial); and *Downs v. Director of Revenue,* 344 S.W.3d 818 (Mo.App. S.D.2011) (appeal from a trial court's judgment reinstating an individual's driving privileges). We believe these decisions correctly state the law and control the outcome in this case. Executive Order 07–05 contemplated a gradual transfer of authority for the Breath Alcohol Program from the DHSS to the Missouri Department of Transportation that continued after August 28, 2007, and until the reversal of Executive Order 07–05's directives by Executive Order 10–15. The DHSS continued to have authority for the Breath Alcohol Program during the entire course of the never completed transfer of authority.

Accordingly, the trial court did not err in admitting Appellant's breath alcohol test result and the maintenance report for the breath analyzer used to conduct the test, and that evidence fully supports the trial court's finding that Appellant was driving a motor vehicle while the alcohol concentration in his blood was .08 of 1 percent or more by weight.

The trial court's judgment is affirmed.

BURRELL, C.J., P.J., LYNCH, J., concur.