Matthew Lawrence–Fehl DAVIS,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.

No. SD 32612.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 2013.

Jennifer A. Rodewald, Jefferson City, MO, for appellant.

Timothy R. Cisar, Lake Ozark, MO, for respondent.

MARY W. SHEFFIELD, J.

This is a driver's license revocation case. The Director of Revenue ("Director") revoked the driving privileges of Matthew Lawrence–Fehl Davis ("Davis") because Davis refused to submit to a chemical test of his blood alcohol content after he was arrested for driving while intoxicated. *See*

§ 577.041.1.[1] The trial court reinstated Davis's driving privileges after a trial *de novo*, and Director appeals. Director argues the trial court misapplied the law when it found Davis was not driving the motor vehicle and therefore concluded the arresting officer lacked reasonable grounds to arrest Driver. We agree, reverse the trial court's judgment, and remand the case to the trial court which is directed to apply the appropriate legal analysis to the facts that it found.

### Factual and Procedural Background

On September 2, 2012, at about five o'clock in the evening, Deputy Zach Moorhead ("Deputy Moorhead") of the Camden County Sheriff's Office was dispatched to the intersection of Old Kinderhook Drive and Lark Spur Drive in Camdenton, Missouri, to investigate a report of an intoxicated man who had injured himself in a golf cart accident. When Deputy Moorhead arrived on the scene, he encountered David Waugh ("Waugh"). Waugh told Deputy Moorhead he had been informed a golf cart had wrecked near the home of Waugh's relatives. Thinking the wreck might have involved his relatives, Waugh went to the location of the wreck. Waugh said he found Davis lying on the ground next to the golf cart. Davis could not stand without assistance, and Waugh convinced Davis to allow Waugh to drive him home in the golf cart. Waugh reported Davis became angry because Waugh was driving too slowly. According to Waugh, Davis reached over from his position in the passenger's seat of the golf cart and pushed the accelerator of the golf cart with his foot just as the golf cart was going around a corner. Davis was thrown from the golf cart and sustained injuries.

Deputy Moorhead next spoke with Davis. Davis's eyes were watery and bloodshot, and Davis smelled strongly of intoxicants. Davis admitted he had consumed "[a] lot" of alcohol and that he was "too drunk to be driving[.]" Deputy Moorhead then conducted a horizontal gaze nystagmus test which confirmed his suspicions that Davis was intoxicated. Deputy Moorhead arrested Davis for driving while intoxicated, and Davis was taken to the hospital for treatment of the injuries he had received when he fell out of the golf cart.[2]

Deputy Moorhead followed the ambulance to the hospital. At the hospital, Deputy Moorhead informed Davis of the implied consent law and requested that Davis submit to a chemical test of his blood alcohol content. Davis refused to submit to the test. Davis's license was suspended for one year pursuant to Section 577.041.1.

Davis filed a petition for review in the circuit court. A trial was held on November 16, 2012. The only evidence presented was Director's Exhibit A. Exhibit A was a packet of Department of Revenue records which included, among other things, a copy of Deputy Moorhead's report. The narrative portion of Deputy Moorhead's report outlined the facts stated above.

After Exhibit A was admitted, Davis's attorney made two arguments in support of the request to reverse the revocation. First, he argued the evidence did not support the revocation because "Deputy Moorhead's report [was] based on hearsay." The attorney representing Director replied that Deputy Moorhead was allowed to consider hearsay in determining probable cause to arrest. Davis's attorney re-

---

1. All statutory references are to RSMo Cum. Supp. (2013).

2. At the hearing, Davis agreed he was intoxicated and that the accident took place on a "road."

sponded "I'll concede the point that the officer is relying on the hearsay that [Director's attorney] so says and that's-in this case for this point, I'll concede that point." He then presented his second argument which was that Davis's action of reaching over to press the accelerator did not constitute driving or operating the motor vehicle under the statute. The trial judge took the matter under advisement, stating "I will inform the parties that I think that the Director of Revenue has quite an uphill battle to overcome in this case. I don't find testimony very credible if the entire case hinges on another person's statement to an officer and that other person's not here to testify or be cross-examined on that issue; that it flies in the face of the American justice system, in my view."

The trial court subsequently entered findings of fact and conclusions of law reinstating Davis's driving privileges. With respect to the issue of whether Deputy Moorhead had reasonable grounds to arrest Davis for driving while intoxicated, the trial court stated:

> In the present cause, when Deputy Moorhead arrived on the scene, he found [Davis] laying [sic] on his back next to a golf cart. The golf cart was at the intersection of Old Kinderhook Drive and Lark Spur Drive. Deputy Moorhead relied on the statement of [Waugh] as to how the golf cart came to be at the intersection. [Waugh] told Deputy Moorhead that he was driving [Davis] home in the golf cart. Further, [Waugh] told Deputy Moorhead that [Davis] moved his ([Davis's]) foot over and attempted to press the gas pedal from [Davis's] passenger seat position.
>
> The [c]ourt finds that this evidence is not credible in that it is hearsay evidence of the alleged act of operating the golf cart by [Davis]. As it is the only evidence of [Davis's] "act" of driving, the

> Court finds that *it is not sufficient to convince the Court [Davis] was operating the golf cart.*
>
> This [c]ourt finds that, based on the totality of the circumstances, Deputy Moorhead did not have reasonable grounds to arrest [Davis] for driving while intoxicated.

(Emphasis added). Director appeals.

### *Discussion*

Director argues the trial court misapplied the law in two respects. First, he claims the trial court improperly considered whether Davis was driving the vehicle. Second, he asserts the evidence was sufficient to support a finding of reasonable grounds because an officer is entitled to rely on hearsay in establishing probable cause. We agree the trial court applied the incorrect legal standard when it decided whether Davis was driving or operating the vehicle.

■ In driver's license revocation cases, as in any other court-tried civil case, "the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Director of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010). The application of this standard of review first depends on whether the contested issue is a question of law or a question of fact. *Id.* at 308. "Claimed error in applying the law is reviewed *de novo.*" *Hanna v. Director of Revenue*, 347 S.W.3d 95, 97 (Mo.App. S.D.2011); *see also White*, 321 S.W.3d at 308 ("questions of law are reviewed de novo").

"The object and purpose of Missouri's implied consent law 'is to rid the highways of drunk drivers.'" *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 619 (Mo. banc 2002) (quoting *Shine v. Director of Revenue*, 807 S.W.2d 160, 163 (Mo.App. E.D.

1991)). Thus, "[a] person who operates a motor vehicle upon a public highway of this state is deemed to have consented to have his or her breath, blood, saliva or urine chemically tested to determine the individual's blood alcohol content after being arrested 'for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition[.]'" *Hager v. Director of Revenue*, 284 S.W.3d 192, 194 (Mo.App. S.D.2009) (quoting § 577.041.2). If a person who has been arrested for driving while intoxicated refuses to take such a test, Director will revoke the person's driving privileges for one year. *Hinnah*, 77 S.W.3d at 620.

■ Under the statute, a person is also entitled to judicial review of the revocation. *Id.* "On review of a driver's license revocation based on a refusal to submit to a [chemical test], there are only three issues to be determined: '(1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test.'" *Risner v. Director of Revenue*, 404 S.W.3d 355, 358 (Mo.App. S.D.2013) (quoting *Hager*, 284 S.W.3d at 194). In the present case, there was no dispute regarding the issues of (1) whether Davis was arrested, and (2) whether Davis refused to submit to the test. Consequently, the only issue presented to the trial court was whether Officer Moorhead had reasonable grounds to believe Davis was driving a motor vehicle while intoxicated. That is, the legal issue involved was a narrow one: "Under the plain words of the statute, the question is not whether the person arrested actually was driving but whether the officer who requested the test had reasonable grounds to believe that the licensee was driving while intoxicated." *Hager*, 284 S.W.3d at 196 (quoting *Hinnah*, 77 S.W.3d at 622).

Here, the trial court found in its judgment that it was not convinced Davis was driving because that fact was only supported by a hearsay statement. However, under Section 577.041, the issue of whether Davis was actually driving was not before the trial court for its determination and should not have been relied upon by the trial court in deciding whether Deputy Moorhead had reasonable grounds to believe that Davis was driving while intoxicated.

■ The principles used to determine whether an officer has reasonable grounds to believe a person has been driving a motor vehicle while intoxicated have been summarized as follows:

Reasonable grounds is virtually synonymous with probable cause. Probable cause exists when the facts and circumstances warrant a person of reasonable caution to believe that an offense has been or is being committed, based on the circumstances as they appear to a prudent, cautious and trained police officer. Whether there is probable cause to arrest depends on the information in the officer's possession prior to the arrest. There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case.

*Hager*, 284 S.W.3d at 196 (internal citations and quotation marks omitted). "Proof of probable cause need only meet the preponderance of the evidence standard." *Id.* at 197. Additionally, probable cause does not need to be established by the officer's personal observations. *Id.* It is well-settled that "[a]n officer has a right to rely upon information communicated via police dispatch and information reported

**830**

by citizen witnesses." *Id.; Bouillon v. Director of Revenue,* 306 S.W.3d 197, 201 (Mo.App. E.D.2010). The trial court should have assessed the evidence using these standards to determine whether Deputy Moorhead had reasonable grounds to believe Davis was driving while intoxicated, rather than assessing the evidence to determine whether Davis was actually driving.

Director's sole point is granted.

### Decision

The trial court's judgment is reversed. The case is remanded for determination of whether the facts found by the trial court provided Deputy Moorhead with reasonable grounds to believe Davis was driving while intoxicated.

GARY W. LYNCH and DON E. BURRELL, JJ., concur.