

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| JOHN JOSEPH JARBOE | ) | No. ED100283 |
| | ) | |
|     Respondent | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Louis County |
| | ) | |
| DIRECTOR OF REVENUE | ) | Hon. Thomas Prebil |
| | ) | |
|     Appellant. | ) | FILED: May 27, 2014 |

The Director of Revenue appeals the trial court's judgment reinstating John Jarboe's driving privileges after they were revoked due to Jarboe's refusal to submit to a breathalyzer. We reverse and remand.

**Background**

In December 2011, Officer Frauenfelder and Sergeant Selby of the St. John Police Department responded to a report of larceny at the St. John Liquor Store. According to the store clerk, a white male in a camouflage jacket allegedly stole some beer, left the store in a white pick-up truck, and drove down the street to a Walgreens store. The officers arrived at the scene and traced ownership of the truck to Jarboe. Approximately 20 minutes after the initial dispatch, the officers found Jarboe in a nearby alley clearly intoxicated (e.g., staggering, slurred speech, bloodshot eyes, strong odor of alcohol). Frauenfelder asked Jarboe if he drove from the liquor store to the Walgreens, and Jarboe

replied, "I don't know."  Jarboe was transported to the police station where he failed a series of sobriety tests and refused to submit to a breathalyzer.

Pursuant to §577.041, the Director administratively revoked Jarboe's driver's license for refusing the test.  Jarboe filed a petition for judicial review, and the court held a hearing at which the Director adduced the only evidence, consisting of Officer Frauenfelder's alcohol influence report, accompanying narrative, Jarboe's signed refusal, and his driving record.  Jarboe did not testify but argued through counsel that there was no direct evidence as to when or whether Jarboe drove in relation to when he consumed alcohol.

The trial court reinstated Jarboe's driving privileges, finding that (1) Frauenfelder lacked probable cause to arrest Jarboe, (2) Jarboe did not refuse to submit to a breath test, and (3) "no admissible evidence of driving while intoxicated was presented."  The Director appeals, asserting that the trial court misapplied the law in that §577.041, governing license revocation for failure to submit to a breathalyzer, only requires that an officer have reasonable grounds to believe that a person was driving while intoxicated.

**Standard of Review**

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." White v. Director of Revenue, 321 S.W.3d 298, 307–08 (Mo. 2010).  Claimed error in applying the law is reviewed *de novo*.  Id.  The Director asserts an error of law, so our review is *de novo*.

**Applicable Law**

Section 577.041 was adopted "to establish a fixed standard for procuring admissible evidence of blood alcohol for use against persons operating automobiles while intoxicated." Hinnah v. Dir. of Revenue, 77 S.W.3d 616, 619 (Mo. 2002). Under the statute, any person who drives on the public highways is deemed to have consented to a chemical test to determine the alcohol or drug content of the person's blood. Id. A person may refuse chemical analysis of his blood alcohol level, but if the arresting officer has reasonable grounds to believe that the person was driving while intoxicated, then the director will revoke that person's license for one year. Id. at 620. "'Reasonable grounds' is virtually synonymous with probable cause." Id. Upon judicial review of the revocation, the director bears the burden of proof, and the issues are limited to: (1) whether the person was arrested; (2) whether the officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) whether the person refused to submit to the test. Id. citing §577.041.4. The inquiry ends once these three questions have been answered. Id.

In Hinnah, the petitioner was found asleep and intoxicated in the passenger seat of a disabled vehicle parked on the shoulder of a highway. At trial, Mr. Hinnah sought to prove that he hadn't been driving; rather, his friend was driving and had left the vehicle to find help. The Missouri Supreme Court opined that, under §577.041, whether Hinnah had actually been the one driving was irrelevant. The only relevant issue was whether, given the facts and circumstances known to the officer at the time, the officer had reasonable grounds to believe that Hinnah had driven while intoxicated. Ultimately,

3

however, given the particular record, the Court declined to disturb the trial court's judgment, reasoning:

> The trial court had evidence to support a finding of probable cause, but was free as well to draw the conclusion that there was no probable cause. Either conclusion was sustainable under the record, depending upon the trial court's assessment of the credibility of the officer's testimony that Hinnah said he was driving or upon the court's assessment of the evidence of probable cause as to intoxication.

Id. at 622.

We are also informed by Davis v. Director of Revenue, 416 S.W.3d 826 (Mo. App. S.D. 2013). There, a witness heard about a golf cart accident in his neighborhood and went to discover Mr. Davis on the ground, highly intoxicated, next to his golf cart. As the witness drove Davis home in the cart, Davis reached over with his foot and floored the accelerator, thus throwing Davis from the cart. An officer arrived at the scene to find Davis lying on the ground, still intoxicated, next to the cart. On judicial review, the trial court found insufficient evidence that Davis actually operated the golf cart. Guided by Hinnah, the Southern District instructed that "the trial court should have assessed the evidence . . . to determine whether [the officer] had reasonable grounds to believe [that] Davis was driving while intoxicated, rather than assessing the evidence to determine whether Davis was actually driving." Id. at 830.

**Analysis**

In the present case, the trial court found, in check-the-box format, that: (1) Officer Frauenfelder lacked probable cause to arrest Jarboe for driving while intoxicated, (2) Jarboe did not refuse to submit to a breath test, and (3) "no admissible evidence of driving while intoxicated was presented." Regarding the first finding on probable cause, as in Hinnah, the record here could support either conclusion. But the trial court's second

4

and third findings cast doubt as to whether the court actually considered the evidence in the record to arrive at its conclusion. The trial court's second finding - that Jarboe did not refuse to submit to a breath test - is directly contradicted by the evidence, namely Jarboe's own signed refusal as well as Frauenfelder's account, which were adduced into the record as part of Frauenfelder's alcohol influence report. The trial court's third finding - that "no *admissible* evidence of driving while intoxicated was presented" - causes concern whether the court deemed Frauenfeld's entire report inadmissible. It is well settled, however, that the Director may prove a case under §577.041 through certified copies of an officer's alcohol influence report and supporting documentation, without the officer's in-person testimony. Doughty v. Director of Revenue, 387 S.W.3d 383, 386-387 (Mo. 2013). And, in any case, as Hinnah and Davis instruct, the central question is not whether Mr. Jarboe actually drove while intoxicated. Rather, for purposes of §577.041, the inquiry is limited to whether Frauenfelder, given the facts and circumstances known to him at the time, had reasonable grounds to believe that Jarboe drove from the liquor store to Walgreens while intoxicated. In sum, the trial court's evidentiary oversight and misapplication of law undermine confidence in its central finding and hence in the judgment.

Therefore, we are compelled to reverse the judgment and remand the case for a determination of reasonable grounds based on the evidence in the record. In the context of that determination, "proof of probable cause need only meet the preponderance of the evidence standard," and the officer may rely on information conveyed by police dispatch and from citizen witnesses in addition to his own observations. Davis at 829-830. Here, Frauenfelder's report, including his own observations as well as the liquor store clerk's

5

statement, was properly admitted into evidence and warrants the trial court's consideration under the foregoing standards.

## Conclusion

The trial court's judgment is reversed, and the case is remanded for a determination of whether Officer Frauenfelder had reasonable grounds to believe that Jarboe drove his truck that day while intoxicated.

_____
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P. J., concurs
Glenn A. Norton, J., concurs.