

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JOHN J. JARBOE, | ) | ED102230 |
| | ) | |
| Petitioner/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Thomas J. Prebil |
| | ) | |
| Respondent/Appellant. | ) | Filed: September 1, 2015 |

## Introduction

The Director of Revenue (Director) appeals from the trial court's judgment reversing the Director's administrative revocation and reinstating the driving privileges of John J. Jarboe (Respondent). We reverse and remand.

## Factual and Procedural Background

On December 1, 2011, Officer Richard Frauenfelder (Officer Frauenfelder) and Sergeant R. Selby (Sergeant Selby) of the St. John Police Department responded to a report of larceny at the St. John Liquor Store. According to the store clerk, a white male in a camouflage jacket allegedly stole some beer, left the store in a white pickup truck, and drove down the street to a Walgreens store. The officers found the truck at Walgreens and traced its ownership to Respondent. Approximately 20 minutes after the initial dispatch, the officers found Respondent in a nearby alley. Respondent was staggering, had slurred speech, exhibited bloodshot eyes and emanated a strong odor of alcohol. Officer Frauenfelder asked Respondent if he drove from the

liquor store to Walgreens, and Respondent replied, "I don't know." The officers transported Respondent to the police station, where he failed a series of sobriety tests and refused to submit to a breathalyzer.

Pursuant to Section 577.041,[1] the Director administratively revoked Respondent's driver's license for refusing the test. Respondent filed a petition for judicial review, and the trial court held a hearing at which the Director adduced the only evidence, consisting of Officer Frauenfelder's alcohol influence report, accompanying narrative, Respondent's signed refusal, and his driving record. Respondent did not testify but argued through counsel that there was no direct evidence as to when or whether Respondent drove in relation to when he consumed alcohol.

The trial court reinstated Respondent's driving privileges, finding that (1) Officer Frauenfelder lacked probable cause to arrest Respondent, (2) Respondent did not refuse to submit to a breath test, and (3) no admissible evidence of driving while intoxicated was presented. The Director appealed, asserting the trial court misapplied the law in that Section 577.041, governing license revocation for failure to submit to a breathalyzer, only requires that an officer have reasonable grounds to believe that a person was driving while intoxicated.

---

[1] Section 577.041 RSMo Supp. 2010 provides in pertinent part:

>1. If a person under arrest, or who has been stopped … refuses upon the request of the officer to submit to [a breathalyzer or blood alcohol content] test allowed pursuant to section 577.020, then evidence of the refusal shall be admissible in a proceeding … and … [t]he request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test….

>2. The officer shall make a certified report … [which] shall be forwarded to the director of revenue and shall include the following:
>>(1) That the officer has:
>>(a) Reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated or drugged condition…

This Court reversed the trial court's judgment, finding that the proper issue for the trial court to consider was whether Officer Frauenfelder, given the facts and circumstances known to him at the time, had reasonable grounds to believe Respondent drove while intoxicated, not whether Respondent actually drove while intoxicated. Jarboe v. Director of Revenue, 434 S.W.3d 96 (Mo.App. E.D. 2014). We determined the trial court's second and third findings, as set forth above, cast doubt on whether the trial court actually considered the evidence in the record to arrive at its conclusions, particularly because Respondent signed a form stating he refused to take the breathalyzer test, evidence that directly contradicts the trial court's finding that he did not so refuse, and there was evidence in the record supporting reasonable suspicion that the trial court could consider, but its finding that "*no* admissible evidence of driving while intoxicated was presented" suggests the trial court did not consider *any* of the evidence presented by the Director. Id. at 99.

On remand, the trial court entertained the case again, which was submitted on the record and argument only. The third-party witness statements contained within the police report were objected to by Respondent as hearsay and were deemed inadmissible by the trial court. The trial court specifically found that with regard to Respondent on the night of December 1, 2011, no temporal connection was made between the driving or operation of a vehicle and his alleged intoxication. Accordingly, the trial court entered judgment finding that Officer Frauenfelder had no probable cause to arrest Respondent for driving while intoxicated or any alcohol-related offense.[2] This appeal follows.

_____

[2] In its judgment, the trial court noted no findings of fact or conclusions of law were requested by the parties and no civilian witnesses were subpoenaed to testify as to the operation of a vehicle by Respondent.

The Director claims the trial court erred as a matter of law in reinstating Respondent's driving privileges under Section 577.041 because the court misapplied the law in deeming witness statements contained in Officer Frauenfelder's report inadmissible hearsay, in that Officer Frauenfelder did not observe Respondent driving, but relied upon witness statements to form a belief that Respondent was driving while intoxicated.

## Standard of Review

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. White v. Director of Revenue, 321 S.W.3d 298, 307-08 (Mo.banc 2010). Claimed error in applying the law is reviewed *de novo*. Id.

## Discussion

The Director maintains the question of whether evidence is admissible is separate from the question of whether evidence is sufficient or credible, and the trial court did not actually consider the third-party witness statements for the purpose of determining whether there was probable cause, but simply excluded them from being considered at all. The Director claims that in doing so, the trial court repeated the error this Court determined was made in the first trial and mandated rectified on remand. Jarboe, 434 S.W.3d at 99.

We specifically stated in Jarboe that for purposes of Section 577.041, the inquiry is limited to whether Officer Frauenfelder, given the facts and circumstances known to him at the time, had reasonable grounds to believe that Respondent drove from the liquor store to Walgreens while intoxicated. Id. We stated Officer Frauenfelder may rely on information conveyed by police dispatch and from citizen witnesses in addition to his own observations. Id.,

4

citing Davis v. Director of Revenue, 416 S.W.3d 826, 829-30 (Mo.App. S.D. 2013). We also stated that Officer Frauenfelder's report, including his own observations as well as the liquor store clerk's statement, warrants the trial court's consideration under the foregoing standards. Jarboe, 434 S.W.3d at 99.

Statements relayed to a police officer by eyewitnesses, law enforcement officers, and radio dispatch, which would be considered hearsay if offered to prove the truth of the matter asserted, are admissible to establish the officer's basis for believing that reasonable grounds to arrest a driver existed. Davis, 416 S.W.3d at 829-30; Bouillon v. Director of Revenue, 306 S.W.3d 197, 201 (Mo.App. E.D. 2010) (Sullivan, J.). A trial court's exclusion of such statements is reversible error. Bouillon, 306 S.W.3d at 202. An arresting officer does not need to actually observe the person driving a vehicle in order to arrest that person for driving while intoxicated. Bouillon, 306 S.W.3d at 201; McFall v. Director of Revenue, 162 S.W.3d 526, 531 (Mo.App. S.D. 2005). An officer may rely on information received via police dispatch or reported by citizen witnesses. Bouillon, 306 S.W.3d at 201; McFall, 162 S.W.3d at 531; Rain v. Director of Revenue, 46 S.W.3d 584, 588 (Mo.App. E.D. 2001); Hunter v. Director of Revenue, 75 S.W.3d 299, 303 (Mo.App. E.D. 2002). Information given by eyewitnesses to the arresting officer directly, or through other officers, even if hearsay, is admissible to establish probable cause because it is not offered for its truth, but to explain the basis for a belief that probable cause to arrest existed. Rain, 46 S.W.3d at 588. The trial court may not simply disregard, particularly in the absence of a credibility finding, the uncontroverted evidence. Bouillon, 306 S.W.3d at 202; Martin v. Director of Revenue, 248 S.W.3d 685, 689 (Mo.App. W.D. 2008).

Here, the trial court erred in refusing to consider third-party witness statements contained in the police report to determine whether Officer Frauenfelder had reasonable grounds to believe Respondent was driving while intoxicated. The Director's point on appeal is granted.

<u>Conclusion</u>

The trial court's judgment is reversed and remanded for proceedings consistent with this opinion.

_____
Sherri B. Sullivan, P.J.

Patricia L. Cohen, J., and
Kurt S. Odenwald, J., concur.

6