

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MICHAEL AUCK, | ) | No. ED102570 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | 14SL-AC00530 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Dale W. Hood |
| STATE OF MISSOURI | ) | |
| | ) | |
| Appellant. | ) | FILED: February 23, 2016 |

## OPINION

The Director of Revenue of the State of Missouri (the Director) appeals from the trial court's entry of judgment reinstating the driving privileges of Michael Auck (Driver) after his privileges were revoked by the Director pursuant to Section 577.041 RSMo 2000.[1] We reverse and remand.

### Factual and Procedural Background

On January 1, 2014, Officer Scheetz and Sergeant Hagen of the Sunset Hills Police Department were dispatched to Helen Fitzgerald's pub regarding a peace disturbance involving a vehicle that almost struck a pedestrian. Officer Johnson, also of the Sunset Hills Police Department, who was on an unrelated call at the Days Inn at the same address, responded to the

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

pub after completing his assignment there. Officer Johnson then contacted Officer Scheetz, who informed him that he had obtained statements from three employees of the pub all of whom reported observing a person driving a silver truck out of the bar's parking lot, and observing that same person return to the parking lot in the truck approximately 15 minutes later, at which time one of the witnesses contacted the Sunset Hills Police Department. The three witnesses' written statements were collected and kept as evidence.

One of the witnesses, Gregory Waltman (Waltman), identified a silver truck as the vehicle being driven by Driver. Officer Johnson asked Waltman if he could identify the driver of the truck, and Waltman immediately looked in the direction of Driver, who was standing next to Officer Scheetz, pointed at Driver, and stated "the gentlemen next to the Sunset Hills Police Officer (Scheetz)."

Officer Johnson then approached Driver and informed him that people were saying he was driving recklessly in the parking lot. Officer Johnson noticed Driver was speaking loudly, used profanity, and seemed angry. Driver's speech was slurred, his eyes were watery and bloodshot, he smelled strongly of alcohol, and he was swaying considerably from side to side. When asked why people were saying he was driving recklessly, Driver stated he parked his truck a while ago and had been at the bar all night. Driver stated he did get into an argument with a friend earlier, but that "he never left the parking lot that he could remember."

Officer Johnson asked Driver if he had consumed any alcohol before he drove away from the pub. Driver did not deny that he drove away from the bar, and replied, "Of course I have been drinking it is New Years." Officer Johnson then asked him if he had consumed any intoxicants after he returned to the pub. Driver replied that he did not because the bouncers would not let him back in the bar. However, Driver did not deny that he had returned to the bar in his vehicle. Based on Officer Johnson's observations of Driver, he

2

asked Driver to perform a series of field sobriety tests. Driver performed poorly on each test and refused to perform the alphabet and counting tests.

In his report, Officer Johnson stated: "[b]ased on witness statements that [Driver] was driving his motor vehicle recklessly, admission to drinking alcohol, and the strong odor of intoxicants on his breath, his slurred speech, and the results of the field sobriety tests, I advised [Driver] he was under arrest for Driving While Intoxicated and Careless and Reckless driving on a parking lot." Officer Johnson then transported Driver to the Sunset Hills Police Department, read Driver the Missouri's Implied Consent warning from the Alcohol Influence Report, and Driver refused to submit to a breath test.

On January 1, 2014, the Director revoked Driver's license for refusing to submit to a chemical test in connection with his operation of a motor vehicle while allegedly intoxicated. On January 10, 2014, Driver filed a Petition for Review with the trial court. At trial, on November 19, 2014, the Director offered Exhibit A, including a copy of Officer Johnson's police report, into evidence. Driver made the following objection:

> What I object to, in terms of taking a wholesale introduction of Exhibit A, is that there are numerous statements made by third parties who are not police officers. I realize that the Department of Revenue's position in this is that even those lay witnesses', third party statements are admissible. I would object to those being considered as part of the record here. Those third persons, those lay witnesses, had no business duty to transmit any of the information or report any of the information in there, and I think that that is hearsay.
> And then I would also point out, Judge, that I'm aware of the Doughty v. Director of Revenue, which is the Missouri Supreme Court case that talks about hearsay, but in Doughty, all of those witnesses in there, when they submitted it on the record, were police officers who do have a business duty to transmit the information they get at the time—at or near the time of their investigation or their arrest.
> This case has been tried before in a criminal matter. Those lay witnesses were presented before. I don't anticipate—I don't see any of those lay witnesses in court today. As it relates to those third party statements made by the lay witnesses, I would like to preserve my objection as those being hearsay.

3

The Director responded that there was no objection to the civilian witnesses with the exception of statements by Waltman whose statements were permissible to establish probable cause for the arrest. The Traffic Commissioner indicated that she would sustain the objection with regard to the third party witnesses only if they were being offered for the truth of the matter asserted.

The Director then called Officer Johnson as a witness. The Director asked him whether he spoke to Waltman, and he replied that he did. The Director then asked him: "What, if anything, did your conversation with Mr. Waltman entail?" Driver made the following hearsay objection: "I would just object to the hearsay, Your Honor." The Commissioner stated: "Sustained. Unless you can tell me what it's being offered for." The Director replied: "It's offered to show the probable cause for the witness that Petitioner was driving." The Commissioner then sustained the objection.

On cross-examination, Officer Johnson testified he did not personally observe Driver driving. At the close of trial, Driver argued that there was no evidence to support a finding that he was driving that night, and that there was therefore no probable cause for the arrest that would give rise to Driver being requested to submit to a chemical analysis of his blood alcohol content.

On December 16, 2014, the trial court issued its judgment finding that the arresting officer did not have probable cause to arrest Driver for driving while intoxicated and that Driver did not refuse to submit to a chemical test because "there was no admissible evidence of operation of a motor vehicle by Petitioner. The court does not find the police report clear, credible, or persuasive on this point." This appeal follows.

4

Standard of Review

We review a trial court's judgment reinstating driving privileges following an administrative suspension or revocation under the standard of Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). White v. Director of Revenue, 321 S.W.3d 298, 307-08 (Mo. banc 2010). This Court will affirm the decision of the trial court if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously or declare or apply the law. Id. We review declarations of law *de novo*. Moore v. Director of Revenue, 351 S.W.3d 286, 287 (Mo. App. W.D. 2011).

Discussion

The Director raises three points on appeal that are interrelated. For ease of discussion, we address these points together. Essentially, the Director argues that the trial court erred in sustaining Driver's hearsay objections and in finding there was no admissible evidence of Driver's operation of a motor vehicle and in reinstating his driving privileges. We agree.

On judicial review of administrative revocation of a driver's license for failure to submit to a breath test, the proper issue for the trial court to consider was whether the police officer, given the facts and circumstances known to him at the time, had reasonable grounds to believe that the driver drove while intoxicated, not whether the driver actually drove while intoxicated. Jarboe v. Director of Revenue, 434 S.W.3d 96, 99 (Mo. App. E.D. 2014).

The trial court is limited to determining only three issues: (1) whether the driver was arrested, (2) whether the officer had reasonable grounds to believe the driver was driving while intoxicated, and (3) whether the driver refused to submit to a chemical test. Langley v. Director of Revenue, 467 S.W.3d 870, 872 (Mo. App. W.D. 2015); Section 577.041.4. The Director has the burden to prove by a preponderance of the evidence that the officer who

5

requested the test had reasonable grounds to believe that the person was driving while intoxicated; there is no requirement that the Director prove that the person actually was driving, or that he actually was intoxicated while doing so. Hinnah v. Dir. of Revenue, 77 S.W.3d 616, 621-22 (Mo. banc 2002); Jarboe, 434 S.W.3d at 99.

"Reasonable grounds" is virtually synonymous with "probable cause." Jarboe, 434 S.W.3d at 98 (Mo. App. E.D. 2014). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." Hinnah, 77 S.W.3d at 621 (quoting State v. Tokar, 918 S.W.2d 753, 767 (Mo. banc 1996)). Whether there is probable cause to arrest depends on the information in the officer's possession prior to the arrest. Id. (citing State v. Wiley, 522 S.W.2d 281, 287 (Mo. banc 1975)). There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case. Id. (citing State v. Pruitt, 479 S.W.2d 785, 788 (Mo. banc 1972)). Additionally, the officer need not have personally seen a driver driving or observed that he was intoxicated at the time of the accident; instead, the officer may rely upon circumstantial evidence that gives rise to a logical inference that the fact exists. Coffin v. Director of Revenue, 277 S.W.3d 865, 869 (Mo. App. W.D. 2009).

Finally, it is well established that statements relayed to the arresting officer by eyewitnesses, law enforcement officers, and radio dispatch, which would be considered hearsay if offered to prove the truth of the matter asserted, are admissible to establish a basis for a belief that reasonable grounds to arrest for driving while intoxicated existed, and that a trial court's exclusion of such statements is reversible error. Jarboe, 434 S.W.3d at 99; Jarboe v. Director of Revenue, 468 S.W.3d 478, 481 (Mo. App. E.D. 2015).

At trial, Driver made a hearsay objection to the Director's Exhibit A, which contained the officer's alcohol influence report,[2] on the ground that the witness statements identifying Driver as the driver contained therein were hearsay. The Director's counsel responded to his objection by arguing that statements made by the witnesses were admissible under Missouri law for the purpose of showing that Officer Johnson had reasonable grounds to believe that the driver was driving while intoxicated. He noted in particular that the statement of Waltman, who directly identified Driver as the driver to Officer Johnson, would be admissible to show probable cause.

According to the alcohol influence report, Waltman identified a silver truck as the vehicle being driven by Driver, and identified Driver as the driver of the vehicle. This evidence, which the trial court deemed inadmissible, was necessary to show that the officer had probable cause to believe Driver was driving while intoxicated prior to arresting him. The officer specifically noted in his report that his decision to arrest Driver for driving while intoxicated was "[b]ased on witness statements that Mr. Auck was driving his motor vehicle recklessly." This evidence, if it had not been excluded, would by itself be sufficient evidence to show that reasonable grounds for the arrest existed. Officer Johnson's alcohol influence report provided enough information to establish that Driver was arrested upon reasonable grounds to believe that he was driving while intoxicated and that he refused to submit to a breath test.

In finding the Director produced "no admissible evidence" that Driver was operating a motor vehicle while intoxicated, the trial court applied an incorrect legal standard and did not evaluate the evidence under Section 577.041. Section 577.041.4 does not require the Director to

---

[2] Officer Johnson's alcohol influence report was submitted into evidence and was admissible because it was certified under Section 302.312. Doughty v. Director of Revenue, 387 S.W.3d 383, 388 (Mo. banc 2013).

7

produce "admissible evidence of operation of a motor vehicle," but only requires the Director to show that the officer had reasonable grounds to believe the driver was driving while intoxicated. Jarboe, 434 S.W.3d at 99. Under the plain words of the statute, the question is not whether the person arrested actually was driving but whether the officer who requested the test had reasonable grounds to believe that the licensee was driving while intoxicated. Hinnah, 77 S.W.3d at 621-22. Rather, the court need only consider whether there was reasonable grounds/probable cause to believe a person was driving while intoxicated. Jarboe, 434 S.W.3d at 99.

Here, the statements of Waltman, Officer Scheetz, and Driver, would support a finding that Officer Johnson had reasonable grounds to believe Driver was driving while intoxicated at the time of arrest; however, these were erroneously rejected as inadmissible by the court. The trial court's refusal to receive that evidence was legal error requiring reversal and remand for consideration of the excluded evidence.

Conclusion

The trial court's judgment is reversed remanded for further proceedings consistent with this opinion.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.