

# Missouri Court of Appeals

### Southern District

### Division Two

TYLER J. ROMINES,                )
                                 )
    Petitioner-Respondent,       )
                                 )
vs.                              )    No. SD35774
                                 )
DIRECTOR OF REVENUE,             )    **Filed:  August 29, 2019**
STATE OF MISSOURI,               )
                                 )
    Respondent-Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

#### Honorable Judge Kerry G. Rowden

## <u>REVERSED AND REMANDED</u>

In this driver's license revocation case, the Director of Revenue ("Director") appeals a judgment reinstating the driving privileges of Tyler J. Romines ("Driver"). Director revoked Driver's driving privileges because Driver refused to submit to a chemical test of his blood alcohol content after he was arrested for driving while intoxicated.  *See* § 302.574.1.[1]  Following a hearing, the trial court reinstated Driver's driving privileges, and Director appeals.  Director argues the trial court misapplied the law when it held Director had failed to meet his burden to prove Driver was "actually

---

[1] All statutory citations are to RSMo. Cum. Supp. (2017), unless otherwise indicated.  All rule references are to Missouri Court Rules (2019).

driving while intoxicated" rather than that the officer had "reasonable grounds to believe" Driver was driving while intoxicated.  We agree, reverse the trial court's judgment, and remand this case to the trial court which is instructed to apply the correct legal analysis to the facts it found.

## Factual and Procedural Background

On March 25, 2018, at 1:33 a.m., Officer Kenneth Reynolds ("Officer Reynolds") of the Houston, Missouri Police Department observed a vehicle exceeding the speed limit by traveling 51 miles per hour in a 35 mile per hour zone.  Driver was driving the vehicle.  After he pulled Driver over and began speaking with Driver, Officer Reynolds smelled "a faint odor of alcohol" coming from Driver's vehicle.  Driver admitted "he'd drank a couple [of] beers" and had been drinking Bud Light.

Officer Reynolds asked Driver to perform three field sobriety tests:  the horizontal gaze nystagmus ("HGN"), the walk-and-turn, and the one-leg stand.  Based on Driver's performance on the HGN test, Officer Reynolds concluded Driver had "been drinking" and was "under the influence."  Officer Reynolds administered the one-leg stand test, where Driver "put his foot down several times."  Officer Reynolds stopped administering this test because he was afraid Driver would fall over.  Regarding the walk-and-turn test, Officer Reynolds stated Driver "failed to maintain the heel-to-toe stance" and "took the incorrect number of steps."

Officer Reynolds advised Driver he was under arrest, read him the implied consent language, and requested Driver perform a portable breath test.  Driver refused to take the breath test.

Officer Reynolds testified he believed Driver was driving while intoxicated. Driver's driving privileges were revoked because of his refusal.  A trial de novo was held

on August 10, 2018, and on September 17, 2018, the trial court reinstated Driver's driving privileges stating as follows:

> NOW on this 17th day of September, the [c]ourt, based on the credibility of the witness's testimony presented by [Director] at the hearing on August 10, 2018, and upon receipt and review of [Driver's] and [Director's] Memos in support of their respective positions, ***finds that [Director] has not met its burden on the issue of whether or not [Driver] was driving a motor vehicle in an intoxicated or drugged condition*** under RSMo. §302.574.4, and, therefore, finds in favor of [Driver].
>
> THEREFORE, the [c]ourt orders the [Director] to reinstate [Driver's] driving privilege and expunge from it[s] records any and all references to this action and the refusal of [Driver] to comply with RSMo. §§302.574 and 577.041.

(emphasis added). A notice of appeal was timely filed.

### Standard of Review

Appeals arising from a trial court's judgment in a driver's license revocation case are governed by the same standard of review as other court-tried civil cases. ***White v. Dir. of Revenue***, 321 S.W.3d 298, 307 (Mo. banc 2010); ***Mills v. Dir. of Revenue***, 568 S.W.3d 904, 906-07 (Mo. App. W.D. 2019). That is, the trial court's judgment will be affirmed "unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." ***Hinnah v. Dir. of Revenue***, 77 S.W.3d 616, 620 (Mo. banc 2002). Legal issues are reviewed *de novo*. ***White***, 321 S.W.3d at 308. "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." ***Id.*** "This Court will not affirm a circuit court judgment that erroneously declares or applies the law." ***Strup v. Dir. of Revenue***, 311 S.W.3d 793, 796 (Mo. banc 2010); *see **White***, 321 S.W.3d at 307-08.

3

**Discussion**

Under Missouri's implied consent law, any person operating a vehicle on Missouri highways "shall be deemed to have given consent . . . to a chemical test . . . for the purpose of determining the alcohol or drug content of the person's blood" if certain statutory prerequisites are met. § 577.020.1; *see **Ross v. Dir. of Revenue***, 311 S.W.3d 732, 734 (Mo. banc 2010). If a driver refuses to submit to a chemical test, he or she will be served with a notice of license revocation. § 302.574.1. The driver may request a hearing. § 302.574.4.[2]

"The Director bears the burden of establishing a prima facie case for license revocation by a preponderance of the evidence." ***Howe***, 575 S.W.3d at 250. At the hearing, the only issues before the court as applicable to this case are:

(1) Whether the person was arrested or stopped;

(2) Whether the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition;

. . .

(3) Whether the person refused to submit to the test.

5. If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive.

§ 302.574.4 and .5; s*ee **Davis v. Dir. of Revenue***, 416 S.W.3d 826, 829 (Mo. App. S.D. 2013). The Director's failure to prove any of these three elements requires the driver's license to be reinstated. ***Howe***, 575 S.W.3d at 250; *see* § 302.574.5.

---

[2] The provisions currently found in § 302.574.4 were previously located in § 577.041.4. ***Howe v. Dir. of Revenue***, 575 S.W.3d 246, 250 n.3 (Mo. App. E.D. 2019).

Neither party disputes that Driver was driving the vehicle or that Driver refused to submit to the chemical test. Director challenges the trial court's judgment as a misapplication of the law "in that the court found only that the Director had not proven that [Driver] was actually driving while intoxicated, but [§] 302.574 requires only that the Director prove that the officer **had reasonable grounds to believe** that [Driver] was driving while intoxicated." (emphasis added). Driver conceded that "the wording of the court's ruling . . . was incorrect" and "[a]dmitedly, the order . . . misstated the standard under RSMo § 302.574.4."

We agree. The language of the judgment misstates the law. The proper standard to determine whether an officer has reasonable grounds to believe a person has been driving a motor vehicle while intoxicated was stated in *Hager v. Director of Revenue* as follows:

> Reasonable grounds is virtually synonymous with probable cause. Probable cause exists when the facts and circumstances warrant a person of reasonable caution to believe that an offense has been or is being committed, based on the circumstances as they appear to a prudent, cautious and trained police officer. Whether there is probable cause to arrest depends on the information in the officer's possession prior to the arrest. There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case.

284 S.W.3d 192, 196 (Mo. App. S.D. 2009) (internal citations and quotation marks omitted).

The relevant inquiry is not whether the person "**actually was driving** [while intoxicated] but whether the officer who requested the test had *reasonable grounds* to believe that the licensee was driving while intoxicated." *Hinnah*, 77 S.W.3d at 622 (emphasis added)*; Davis,* 416 S.W.3d at 829; *Hager*, 284 S.W.3d at 196. Here, Director's burden pursuant to § 302.574 is to show whether the officer had "reasonable

5

grounds to believe" Driver was driving while intoxicated.  *See **Auck v. Dir. of Revenue***, 483 S.W.3d 440, 444 (Mo. App. E.D. 2016) ("[T]here is no requirement that the Director prove that the person actually was driving, or that he actually was intoxicated while doing so.").  We cannot infer or speculate as to what conclusion the trial court would have reached had the trial court used the correct legal standard.  *See **Stirling v. Maxwell***, 45 S.W.3d 914, 916 (Mo. App. W.D. 2001) (holding remand was necessary after trial court applied the wrong standard because the appellate court could not "infer what its judgment would have been if the correct standard were employed.").

## Decision

The trial court's judgment is reversed.  The case is remanded for determination of whether the facts found by the trial court were sufficient to have provided Officer Reynolds with reasonable grounds to believe Driver was driving while intoxicated.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS